UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SCIENTIFIC COMPONENTS CORP.,

                Plaintiff,

- against -


PROXIM CORP., et al.

                Defendants.
---------------------------------------------------------------X

**R E P O R T   A N D
<u>RECOMMENDATION</u>**

02 CV 5426 (DLI)

On May 26, 2004, this Court issued a Report and Recommendation (the "Report"),

denying defendant Proxim Corporation's ("Proxim") motion to dismiss plaintiff's complaint for

lack of personal jurisdiction and granting the motion of plaintiff Scientific Components Corp.,

d/b/a Mini-Circuits Laboratory ("Mini-Circuits"), seeking sanctions, pursuant to Rule 37(a)(4) of

the Federal Rules of Civil Procedure, based on defendant's failure to provide discovery. (Report

at 22, 23). In the Report, this Court directed Mini-Circuits to submit the necessary papers in

support of their request for fees and costs by July 30, 2004.

By Affidavit dated June 29, 2004, plaintiff's counsel, Mark S. Pomerantz, Esq., seeks a

total of $34,470.00 in attorneys' fees and disbursements incurred in connection with the

defendants' failure to provide discovery. (Pomerantz Aff. ¶ 6). In response, counsel for Proxim

has objected to a number of time entries for which fees are sought, contending, among other

things, that this time was not incurred in connection with the motion to compel.

Having reviewed the respective submissions of both parties, the Court hereby awards

plaintiff reasonable fees in the amount of $15,378.75, plus $60.00 in expenses.

## DISCUSSION

A. Standards

To calculate a reasonable attorneys' fee, courts first determine a "lodestar" figure by multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994); F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001) (applying New York law). It is clear that "'[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" Cruz v. Local Union Number 3, 34 F.3d at 1160 (quoting Hensley v. Eckerhart, 461 U.S. at 437). "While there is a strong presumption that this amount represents a reasonable fee," Cowan v. Ernest Codelia, P.C., 2001 WL 30501, at *7, this resulting "lodestar" figure may be adjusted upward or downward based on other considerations, see Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999), but the court is required to state specific reasons if the court chooses to either reduce or increase the lodestar. See DiFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985).

In seeking court-ordered compensation, the "attorney . . . must document the application with contemporaneous time records . . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n For Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Here, the records submitted by plaintiff describe the services rendered in connection with the matter, indicating for each attorney who worked on the matter, the date that services were performed, the hours spent in performing the services, the

2

hourly rate charged, the amount sought, and a description of the services performed.

B. Counsel's Rates

According to the Affidavit of Mr. Pomerantz, there were three attorneys who performed services for Mini-Circuits relevant to this fee request: (1) Gary Ettleman, a partner in the firm of Ettlemen & Hochheiser, P.C.; (2) Mark Pomerantz, a senior associate; and (3) Kevin Davis, a junior associate in the firm. (Pomerantz Aff. ¶ 4). According to Mr. Pomerantz, the firm charged $400.00 per hour for Mr. Ettleman's time; $250.00 per hour for Mr. Pomerantz's time until November 1, 2003, at which time the rate was increased to $300.00 per hour; and $225.00 per hour for Mr. Davis' time.

In reviewing the rates requested, the Court notes that the rates charged must be "'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" Cruz v. Local Union No. 3, 34 F.3d at 1159 (quoting Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984)); see also Knoeffler v. Town of Manmakating, 126 F. Supp. 2d 305, 311 (S.D.N.Y. 2000). Indeed, the Second Circuit has held that the rates used to calculate the "lodestar" must be in line with those rates prevailing in "'the district in which the court sits.'" Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (quoting Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)). The Second Circuit has also indicated that courts may consider evidence of prevailing rates for similar services beyond the fee application itself. See Chambles v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989). In addition to the parties' evidentiary submissions, the Court may consider its own experience and familiarity with the case and with

3

rates generally charged. See Cruz v. Local Union No. 3, 34 F.3d at 1160 (noting, "[a] district court's 'choice of rates [is] well within [its] discretion'") (quoting Cabrera v. Jakabovitz, 24 F.3d 372, 393 (2d Cir. 1994)).

Here, plaintiff has not submitted any information that would assist the Court in determining whether these rates are in line with those prevailing in the Eastern District of New York for these types of actions. One factor the Court may consider is that these are the rates charged to the plaintiff as the client. That is relevant because when the fees requested are based on rates normally paid by counsel's fee paying clients, there is "a strong indication of what private parties believe is the 'reasonable' fee." Crescent Publ'g Corp., Inc. v. Playboy Enterprises, 246 F.3d 142, 151 (2d Cir. 2001) (holding that these customary hourly rates should be used to set the fee award in these cases); see also Reid v. New York, 584 F. Supp. 461, 462 (S.D.N.Y. 1984) (finding the attorneys' customary rates to be "their market rates"); Andrews v. Koch, 554 F. Supp. 1099, 1101 (E.D.N.Y. 1983) (awarding fees in an Eastern District litigation based on the "hourly rates normally charged" by partners and associates in a Manhattan-based firm).

Although these rates seem somewhat high, several recent federal court decisions have awarded counsel fees that are commensurate with or slightly lower than the fees requested here. See, e.g., Blue Cross & Blue Shield of New Jersey, Inc. v. Phillip Morris, Inc., 190 F. Supp. 2d 407, 425-29 (E.D.N.Y. 2002) (finding reasonable fees of $540.00 per hour for senior partners at Dewey Ballantine LLP; $312.00 to $449.00 per hour to be reasonable rates for other partners; $273.00 per hour reasonable for associates; and $122.00 reasonable for legal assistants in the context of tobacco litigation), rev'd on other grounds, 393 F.3d 312 (2d Cir. 2004); Rodriguez v.

4

McLoughlin, 84 F. Supp. 2d 417, 423 (S.D.N.Y. 1999) (applying a rate of $425.00 per hour for

the partner and $240.00 per hour for a fifth year associate in a civil rights action); see also Irish

v. City of New York, No. 98 CV 713, 2004 WL 444544, at *4 (S.D.N.Y. Mar. 10, 2004)

(awarding $250.00 per hour to lead counsel in employment discrimination action); M.L. v. Bd.

of Ed. of the City of New York, No. 02 CV 4288, 2003 WL 1057476, at *2-3 (S.D.N.Y. Mar. 10,

2003) (awarding fees of $350.00 to $375.00 per hour for lead counsel and $225.00 per hour for

associates in administrative challenge to educational program of handicapped child); Weil v.

Long Island Savings Bank, 188 F. Supp. 2d 265, 269 (E.D.N.Y. 2002) (finding counsel's

"customary rates" of $371.00 to $450.00 per senior partner to be justified in a consumer class

action); Yurman Designs, Inc. v. PAJ, Inc., 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) (finding

counsel's customary hourly rates of $520.69 for partners and $278.50 for associates in an

intellectual property action to be "'commensurate with the rates prevailing in the community'"

for that type of case) (quoting Aris Isotoner, Inc. v. Dong Jin Trading Co., 17 U.S.P.Q.2d 1017,

1024 (S.D.N.Y. 1989)), aff'd, 29 Fed. Appx. 46, 2002 WL 200242, at * 1 (2d Cir. Feb. 8, 2002);

Leibovitz v. New York City Transit Authority, No. 95 CV 3860, 1999 WL 167688, at *1

(E.D.N.Y. Feb. 25, 1999) (awarding rate of $300.00 per hour to experienced attorney in

employment discrimination litigation), rev'd on other grounds, 252 F.3d 179 (2d Cir. 2001).

On the other hand, both the Blue Cross case and the Rodriguez case involved major law

firms, and in the absence of any information regarding either the firm or the training and

experience of each of the attorneys who worked on this case, it is difficult to compare the fee

rates requested here with those in either Blue Cross or Rodriguez. Indeed, a number of other

cases have awarded fees in this district at much lower rates. See, e.g., Rotella v. Board of

5

Education, No. 01 CV 434, 2002 WL 59106, at *2 (E.D.N.Y. Jan. 17, 2002) (holding that the prevalent rate in the Eastern District was between $200.00 and $250.00 per hour for partners, and $100.00 to $200.00 per hour for junior and senior associates); Fink v. City of New York, 154 F. Supp. 2d 403, 407 (E.D.N.Y. 2001) (finding reasonable rates ranging from $200.00 to $250.00 per hour for partners, $100.00 per hour for junior associates, and $200.00 per hour for senior associates);[1] Cush-Crawford v. Adchem, 94 F. Supp. 2d 294, 302 (E.D.N.Y. 2000) (noting, in gender discrimination litigation, that the "Second Circuit has recently held that rates of $200.00 for partners, $135.00 for associates, and $50.00 for paralegals are reasonable hourly rates for legal services in the Eastern District") (citing Savino v. Computer Credit, Inc., 164 F. 3d 81, 87 (2d Cir. 1998).

In the absence of sufficient information justifying fees at the rates requested, the Court concludes, based on its experience, that the rates requested here are slightly higher than those generally awarded in this district. Thus, the Court has reduced the rate charged by Mr. Ettleman to $350.00 per hour; $200.00 per hour for Mr. Pomerantz until November 1, 2003 and $250.00 per hour for time charged after November 1, 2003, and $175.00 for Mr. Davis.

C. Hours Requested

Turning to the hours charged, according to the Pomerantz Affidavit, counsel isolated those services not relevant to plaintiff's request for discovery sanctions and excluded those

---

[1] In Fink, however, the Court held that, due to the complexity of the issues in that particular employment discrimination litigation, fees of $275.00 per hour for partners, $225.00 per hour for senior associates, and $150.00 per hour for junior associates were acceptable. Fink, 154 F. Supp. 2d at 409.

services from the fee request. (Pomerantz Aff. ¶ 5). Among other things, plaintiff has not included time spent related to jurisdictional discovery which plaintiff notes would have been unnecessary if defendant had not raised its unsuccessful motion to dismiss on jurisdictional grounds. (Id.) According to the Pomerantz Affidavit, entries which included research related to jurisdictional issues, or included time spent in briefing both the response to the motion to dismiss and the motion for sanctions, have been reduced by 50%. (Id.) Thus, while plaintiff was billed $42,492.50 related to discovery and the motion for sanctions, plaintiff's fee request has been reduced to $34,470.00, based on a 50% reduction in twenty of the entries. (Id. ¶ 6).

In response, Proxim contends that there are a number of entries included in the fee application which are not compensable under Rule 37(a)(4) because they were not incurred in making the motion to compel or were incurred prior to the time that the motion became necessary. (Def's. Mem. at 1-2). Specifically, Proxim notes that plaintiff seeks $3,900.00 in fees for services rendered on December 9 and 10, 2002, and on February 10, 11, and 12, 2003, which was time spent long before the motion to compel became necessary. (Id. at 2). These entries reflect that on December 9, 2002, counsel spent 3.00 hours "finalizing and serving response re motion to dismiss re Proxim" and on December 10, 2002, counsel spent .5 hours in a conference with the client "relating to Western Multiplex doing business in N.Y." (Pomerantz Aff., Ex.1 at 4-5). On February 10, 11, and 12, 2003, 4.00 hours per day were included in the fee request for services including research, review of the public files, a telephone call, and preparing discovery for the Proxim motion to dismiss. (Id. at 6).

Proxim is correct in noting that these entries represent services performed prior to plaintiff's service of the first set of discovery requests on February 21, 2003. (See id. at 6). To

the extent that plaintiff has included this time under the theory that it should be compensated for the work done in connection with responding to the defendant's motion to dismiss for jurisdictional reasons, plaintiff misconstrues the extent of the Court's prior Order authorizing an award of fees as a sanction for defendant's failure to provide discovery. Although this Court ultimately determined that there was jurisdiction over defendant and recommended denying the motion to dismiss, that recommendation was not a finding that the motion was frivolous, nor was it the basis for which sanctions were ordered. Sanctions were ordered solely because defendant failed to provide discovery when required to do so. Thus, it appears that these entries in December 2002 and February 2003 should not be included in this fee application.

Proxim also argues that plaintiff has included another $2,000.00 or so in fees incurred after the request for production was served but prior to the conference with this Court on those issues. Citing Creative Resources Group of N.J., Inc. v. Creative Resources Groups, Inc., 212 F.R.D. 94, 104 (E.D.N.Y. 2002), defendant contends that all fees incurred prior to the date that plaintiff wrote a letter to the Court detailing defendant's failure to provide discovery should be excluded and compensable fees limited to those that were incurred after that time. (Def's. Mem. at 2). Here, plaintiff first requested a conference to address these discovery issues which was held on May 2, 2003. Thus, defendant argues that any time spent prior to May 2, 2003 should not be included as part of the fees for the motion to compel. Similarly, defendant argues that any time spent between May 2, 2003 and May 20, 2003, when plaintiff wrote a letter seeking permission to file a motion to compel, should also not be included in this fee application.

In Creative Resources, this Court, in awarding fees as a sanction for discovery violations, held that certain fees that would have been incurred in the normal course of discovery or that

were caused by the malfunctioning of the Court's recording equipment were not chargeable to the defendants and not compensable. 212 F.R.D. at 104. The Court, however, made it clear that plaintiff in that case was entitled not only to fees incurred in connection with the motion for sanctions, but also for fees and expenses incurred in moving to compel compliance with discovery. Id. at 103 (noting "[t]o the extent that the defendants are claiming that fees incurred in a motion to compel are not recoverable under Rule 37, that claim is not simply wrong, but frivolous").

In the instant case, the plaintiff Mini-Circuits requested a conference on May 2, 2003, specifically to deal with the issue of defendant Proxim's failure to provide discovery. A review of the time entries for the period prior to May 2, 2003 indicates that during this period, some of the time was spent on responding to discovery requests, calls to the client relating to Proxim's activities in New York, reviewing letters from Proxim's counsel, and conducting an internet search "re Proxim's motion to dismiss." Other time entries, however, reflect that the attorneys' fees were incurred in reviewing Proxim's failure to respond to discovery demands, calls to counsel regarding the defective responses, and preparation for the court conference at which the issues were addressed. While the Court agrees with defendant that time spent responding to Proxim's discovery requests and conducting independent research as to Proxim's jurisdictional connections to New York is not compensable, the Court finds that the time entries for May 1, 2003 and May 2, 2003 preparing for the compliance conference and in analyzing the discovery responses to determine if a motion to compel was necessary are compensable even though the time was not strictly spent in connection with the motion to compel. Moreover, Proxim's responses to plaintiff's discovery requests here were, in some instances, completely

nonresponsive and, as this Court noted in its prior Report, actually inaccurate as a matter of fact in other instances. The fact that plaintiff was even required to make this motion to compel is in large measure due to Proxim's failure to respond to plaintiff's counsel's efforts to obtain voluntary compliance without the need for court intervention, even after the Court's Order of May 2, 2003 requiring the parties to confer about discovery responses. (See Order of May 2, 2003).

"Even in the absence of a discovery order, 'a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs.'" Creative Resources Group of N.J., Inc. v. Creative Resources Groups, Inc., 212 F.R.D. at 102 (quoting Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 106-107 (2d Cir. 2002)). Thus, while the Court, upon reviewing the descriptions of services set forth in plaintiff's fee application, agrees that the entries prior to May 1, 2003 are not properly included, the Court will include the 5.00 hours billed for May 1, 2003, as well as the time spent during the court conference on May 2, 2003.

With respect to the time spent after the May 2, 2003 conference, the Court again finds that the time spent conducting research for the motion to compel and discussing with Proxim's counsel the defendant's discovery responses, should be included in the fee application. This time was spent either in attempting to resolve the discovery issues or in preparing the motion. As such, it is time properly charged to defendant because it would have been unnecessary had defendant's initial responses been provided in accordance with the Federal Rules.

Proxim also disputes the time spent between May 21, 2003, following plaintiff's letter requesting permission to file the motion to compel, and October 1, 2003, the date of the Court's

Order setting the schedule for briefing the motion to dismiss and motion to compel. Again, based on a review of the time spent in June, July, August and September 2003, it appears that counsel was updating research in connection with preparation of the motion to compel, conferring with counsel on discovery, and beginning to draft the motion. Even though the final schedule for submission of the motion had not been set, this time was clearly incurred as part of the motion to compel and thus, is compensable.

Defendant also complains that many of the fee entries fail to distinguish between time spent on the motion to compel and time spent responding to the defendant's motion to dismiss. To the extent that plaintiff attempted to deal with this issue by applying a 50% discount to twenty items that included work on both motions, defendant objects that this discount does not sufficiently account for the problem, because it is unclear which twenty items were included in plaintiff's fee request, and it is not clear that a 50% reduction is sufficient.

Based on a review of the description of services provided by plaintiff's counsel, it appears that there are at least four entries that relate solely to work performed in connection with the reply brief on the motion to dismiss. (See Pomerantz Aff., Ex.1, items 45133, 45129, 45166 and 45182). These items amount to 25 hours or $6,500 in adjusted fees that should not be included at all in this fee request. While the motion to dismiss is related to the motion for sanctions, this Court did not intend that work performed in connection with the motion to dismiss be included in this award of fees.

With respect to the entries which appear to include work performed on both of the motions, the Court agrees with plaintiff's counsel that a 50% reduction of these entries is appropriate. Based on the Court's review, there appear to be 23 entries, totalling 64.75 hours or a

11

total of $16,312.50 in fees, at the adjusted fee rates. (See Pomerantz Aff., Ex.1, items 43155,

43453, 43641, 43712, 43783, 43991, 44017, 44040, 44068, 44099, 44132, 44230, 44394, 44471,

44476, 44477, 44466, 44478, 44495, 44496, 44498, 44542, 45083).[2] Taking 50% of these

entries reduces the amount requested to 32.375 hours, which, at the adjusted fee rates, equals

$8,156.25.[3]

Finally, defendant objects to reimbursing plaintiff's counsel for time spent reviewing

discovery produced by Proxim on the grounds that these are fees which would have been

incurred in the course of normal discovery regardless of the sanctions motion. There appear to

be three entries indicating a review of documents produced by Proxim, totalling 6.5 hours for a

total of $1,550.00, at the adjusted rates. (See Pomerantz Aff., Ex.1, items 43300, 43448, 43636).

With respect to these three entries, the Court agrees in part that review of Proxim's discovery

responses would not normally be compensable as part of the sanctions motion. However,

because one of the reasons for the sanctions motion is related to the plaintiff's determination that

certain discovery produced by Proxim was inaccurate, the Court finds that some time spent

examining Proxim's discovery and conducting independent research to verify the accuracy of the

responses is warranted as a result of Proxim's conduct. Thus, the Court finds that an award of

50% of time spent by plaintiff's counsel in reviewing Proxim's discovery response, or $775 in

_____

[2]There are also a number of unredacted entries which have the label "Do Not Bill" under
the "Bill Status" heading. (See Pomerantz Aff., Ex.1 items 43636, 43641, 43991, 44068, 44230,
44394). These items amount to 14.75 hours or $3,687.50 in fees. Since it is unclear what
plaintiff meant by this designation, and since defendant has not objected to these items, this
Court will treat these items as billable hours so long as they are related to the motion to compel.
Items 43641, 43991, 44068, 44230, and 44394 will be reduced by 50% as discussed supra, and
item 43636 will also be reduced by 50%. See discussion infra at 12.

[3]See Appendix A.

adjusted fees, is justified.

There are three additional items which describe services that include, among other things, a review of documents for a total of $2,500.00. (See Pomerantz Aff., Ex.1, items 43453, 43641, 43712). These last three items were included in the items for which a 50% reduction has already been taken. (See discussion infra at 11-12; see also Appendix A).

Finally, plaintiff seeks reimbursement of $60.00 in Federal Express expenses, which the Court awards here as reasonable costs.

## CONCLUSION

In summary, having examined plaintiff's fee application and made the reductions and adjustments in rates described above, the Court hereby respectfully recommends that plaintiff be awarded fees in the amount of $15,378.75 plus costs of $60.00.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days from receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**SO ORDERED.**

Dated: Brooklyn, New York
April 18, 2005

Cheryl L. Pollak
United States Magistrate Judge

13

| | | | Cost per item at Adjusted Hourly Rate | Items reduced by 50% | Items not reduced |
|---|---|---|---|---|---|
| Item Identifier | Number of Hours | Adjusted Hourly Rate | | | |
| 39212 | 1 | $350.00 | $350.00 | | $350.00 |
| 39236 | 4 | $200.00 | $800.00 | | $800.00 |
| 39243 | 2.5 | $200.00 | $500.00 | | $500.00 |
| 39425 | 2 | $200.00 | $400.00 | | $400.00 |
| 39423 | 0.25 | $200.00 | $50.00 | | $50.00 |
| 39497 | 0.25 | $200.00 | $50.00 | | $50.00 |
| 39535 | 1.5 | $200.00 | $300.00 | | $300.00 |
| 39541 | 0.6 | $350.00 | $210.00 | | $210.00 |
| 39563 | 3 | $200.00 | $600.00 | | $600.00 |
| 39589 | 1.5 | $200.00 | $300.00 | | $300.00 |
| 39634 | 1.25 | $350.00 | $437.50 | | $437.50 |
| 39692 | 0.75 | $350.00 | $262.50 | | $262.50 |
| 39727 | 2 | $200.00 | $400.00 | | $400.00 |
| 40055 | 0.5 | $200.00 | $100.00 | | $100.00 |
| 41856 | 2 | $200.00 | $400.00 | | $400.00 |
| 42192 | 1 | $200.00 | $200.00 | | $200.00 |
| 42504 | 2 | $200.00 | $400.00 | | $400.00 |
| 43137 | 0.5 | $200.00 | $100.00 | | $100.00 |
| 43836 | 0.25 | $250.00 | $62.50 | | $62.50 |
| 44327 | 0.5 | $350.00 | $175.00 | | $175.00 |
| 45180 | 1 | $350.00 | $350.00 | | $350.00 |
| 43155 | 1 | $200.00 | $200.00 | $100.00 | |
| 43300 | 1.5 | $200.00 | $300.00 | $150.00 | |
| 43448 | 2.5 | $250.00 | $625.00 | $312.50 | |
| 43453 | 2 | $250.00 | $500.00 | $250.00 | |
| 43636 | 2.5 | $250.00 | $625.00 | $312.50 | |
| 43641 | 5.5 | $250.00 | $1,375.00 | $687.50 | |
| 43712 | 2.5 | $250.00 | $625.00 | $312.50 | |
| 43783 | 1.25 | $350.00 | $437.50 | $218.75 | |
| 43991 | 2 | $250.00 | $500.00 | $250.00 | |
| 44017 | 2 | $250.00 | $500.00 | $250.00 | |
| 44040 | 1 | $250.00 | $250.00 | $125.00 | |
| 44068 | 1.75 | $250.00 | $437.50 | $218.75 | |
| 44099 | 2 | $250.00 | $500.00 | $250.00 | |
| 44132 | 1 | $250.00 | $250.00 | $125.00 | |
| 44230 | 1 | $250.00 | $250.00 | $125.00 | |
| 44394 | 2 | $250.00 | $500.00 | $250.00 | |
| 44471 | 6 | $250.00 | $1,500.00 | $750.00 | |
| 44476 | 3 | $250.00 | $750.00 | $375.00 | |
| 44477 | 4 | $250.00 | $1,000.00 | $500.00 | |
| 44466 | 0.75 | $350.00 | $262.50 | $131.25 | |
| 44478 | 5 | $250.00 | $1,250.00 | $625.00 | |
| 44495 | 2 | $350.00 | $700.00 | $350.00 | |
| 44496 | 6 | $250.00 | $1,500.00 | $750.00 | |
| 44498 | 3 | $175.00 | $525.00 | $262.50 | |

Appendix A

| | | | | | |
|---|---|---|---|---|---|
| 44542 | 5 | $250.00 | $1,250.00 | $625.00 | |
| 45083 | 5 | $250.00 | $1,250.00 | $625.00 | |
| Total | 99.6 | | | $8,931.25 | $6,447.50 |
| | | | | | |
| Items reduced by 50% | | $8,931.25 | | | |
| Items not reduced | | $6,447.50 | | | |
| TOTAL FEES GRANTED (excluding $60 in FedEx costs) = | | $15,378.75 | | | |

Appendix A